McKinney, J.r
delivered the opinion of the Court.
This was an action of replevin, for the recovery of a mule, commenced by Gray against Jones, before a justice, and taken by appeal to the Circuit Court. Judgment was for the defendant, and an appeal in error to this Court by the plaintiff.
*544 There is no bill of exceptions, and all that we know of the facts, is from the statement contained in a special verdict found by the jury, which is as follows:
“ We find the mule in controversy, was won from the plaintiff on' a horse race in the State of Alabama, by J. IT. Boren, and sold to the defendant, James W. Jones; and that the mule was worth $ 110.00, and that the suit was brought within ninety days. If, in the opinion of the Court, the justice who tried the case had jurisdiction, then we find for the plaintiff, and assess his damages to one cent. But if, in the opinion of the Court, the justice had no jurisdiction, then we find for the defendant, and assess the value of the mule at $110.00, and assess his damages to ten dollars.”
Upon this verdict, the Court rendered judgment for the defendant, in the alternative, that, on failure of the plaintiff to return the mule, the defendant recover the sum of $110.00, the estimated value, and also the damages assessed for the detention.
The ground of this judgment, it is said in the argument, was, the want of jurisdiction in the justice.
We think the judgment is erroneous. If the justice had no jurisdiction to have rendered a judgment in favor of the plaintiff for more than fifty dollars, and, clearly, he had not, then it is obvious, that judgment for a larger amount could not have been rendered in favor of the defendant. And the jurisdiction of the Circuit Court, on the appeal, being limited to the jurisdiction of the justice, no judgment could be rendered by the former tribunal, that might not have been rendered by the latter. In this view, it was error to render judgment for the value of the mule, above fifty dollars.
*545 But it is said this was not admissible, inasmuch as the value had been fixed by the jury at a larger amount, and the Court had no power to change it. The case is a novel one, in this respect. The apparent difficulty in which the case is involved, results from the erroneous assumption that the case was not within the justice’s jurisdiction.
The jurisdiction of the justice, it is true, was limited to fifty dollars. But then it was allowable for the plaintiff to fix an estimate of value upon the mule, at a less sum than the real value, and within the jurisdiction of the justice; and he, in fact, did do so, the value being laid in the warrant as not exceeding fifty dollars. And by this valuation, voluntarily made, for the purpose of the suit, the plaintiff would have been bound. If the mule had not been restored to his possession by the writ, he could not have recovered, on the trial, a greater amount than fifty dollars. Nor could he, in any other subsequent suit, have recovered the difference between that amount and the real value of the mule; the judgment would have concluded him.
This being so, the plaintiff was _ clearly entitled to a recovery, no question being made as to his rights, upon the merits of the case. The jury should have been instructed, that so far as the plaintiff was concerned, and for the purpose of the determination of the particular suit, they could not go beyond the value of the property, as fixed by the plaintiff.
The question would be one of more difficulty, if upon the merits, the verdict had been in favor of the defendant. It would certainly be unjust to preclude the defendant from recovering the fair value of the property, *546 by reason of the inadequate estimate placed upon it by the plaintiff. What the result would be in such a case; whether, that no judgment whatever could be given for the value of the property, or for the full value, or only for the value fixed in the warrant, is an inquiry that we will leave open until the question shall be properly presented for determination.
The judgment will be reversed, and judgment upon the verdict will be rendered here in favor of the plaintiff.